IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. No. 03-10058-01 |
| ) | Civ. No.  09-1108 |
| QUINCY DARNELL BLUE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Memorandum and Order**

This matter is before the court on defendant Quincy Blue's motion to vacate sentence pursuant to 28 U.S.C. § 2255.  The motion alleges that the defendant's sentence is invalid because it was based on an erroneous finding that he was a "career offender" under USSG 4B1.2. To qualify as a career offender, a defendant must have at least two prior felony convictions of a crime of violence and/or a controlled substance offense. USSG § 4B1.1 (a).  In *Chambers v. United States*, 129 S.Ct. 687 (Jan. 13, 2009), the Supreme Court held that a defendant's prior escape conviction for failure to report to a penal institution was not a "violent felony" within the meaning of the Armed Career Criminal Act (ACCA).  Relying on *Chambers*, defendant argues that his prior escape convictions were erroneously classified as crimes of violence and that he was erroneously sentenced as a career offender.

I. *Background*.

Defendant was convicted by a jury of one count of bank robbery, in violation of 18 U.S.C. § 2113(a) & (d) and 18 U.S.C. § 2, and one count of possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2.  Docs.

14, 53. A Presentence Report (PSR) was prepared, which found that Mr. Blue qualified as a career offender within the meaning of USSG 4B1.2 in part because he "has at least two prior felony convictions, which are crimes of violence." PSR ¶35. This was an apparent reference to two prior Kansas convictions for Aggravated Escape from Custody, in violation of K.S.A. § 21-3810. *See* PSR ¶¶ 46, 47. The Presentence Report also listed two prior convictions for controlled substance offenses, including Sedgwick Co. Case No. 93CR237 for Possession of Cocaine With Intent to Sell (PSR Pp. 9-10); and Sedgwick County Case No. 93CR294 for Possession of Marijuana and Cocaine With Intent to Sell (PSR ¶42). The PSR indicated that defendant was sentenced in these two drug cases on the same day, and that he was placed on probation after receiving a concurrent, suspended 3-10 year imprisonment sentence on each of the drug counts.

As a result of the finding that defendant was a career offender under 4B1.2, the PSR found his total offense level to be 34. Defendant's Criminal History Category was found to be VI, with a resulting guideline range of 360 months to life imprisonment. Defendant filed no objections to the PSR. On November 3, 2003, the court sentenced him to a total of 360 months imprisonment, including 300 months on the bank robbery (Count 1) and a consecutive sentence of 60 months on the firearm offense (Count 2). Doc. 62. Judgment was entered on November 5, 2003. Doc. 63.

Defendant filed a direct appeal challenging this court's denial of his motion to suppress evidence of statements made to officers after his arrest. He did not challenge the career offender classification. See Doc. 64. On March 9, 2005, the Tenth Circuit issued a mandate affirming the conviction. Doc. 102. Defendant filed a Petition for Writ of Certiorari, but it was denied by

the Supreme Court on June 20, 2005.  Docs. 104, 105.[1]

    II.  *Motion under § 2255*.

On April 15, 2009, defendant filed the instant motion under § 2255, arguing the Supreme Court's ruling in *Chambers v. United States*, 129 S.Ct. 687 (2009) overturned Tenth Circuit case law upon which his sentence was based, such that he is entitled to resentencing.  He argues that in light of *Chambers*, his escape convictions – both of which allegedly involved "walk aways" from unsecured facilities – did not qualify as crimes of violence.  Doc. 114 at 3.[2]  Defendant notes that without a career offender classification, his effective guideline range would have been 144-165 months.  Defendant argues that this shows the alleged error was prejudicial.

Anticipating the Government's claim that his motion is barred by the one-year statute of limitation in 28 U.S.C. § 2255(f)(3), defendant notes the limitation period can run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactive to cases on collateral review."  He argues the right in question was newly recognized by the Supreme Court's 2009 *Chambers* opinion.  Moreover, he argues *Chambers* is fully retroactive because it was based on statutory interpretation.  He thus contends the motion is timely and that *Chambers* must be applied to his case.

---

[1] Additionally, in 2007 Mr. Blue apparently filed an application with the Tenth Circuit Court of Appeals to file a second or subsequent motion under 28 U.S.C. § 2255.  On February 8, 2007, the Tenth Circuit dismissed the application, noting that defendant had never filed a prior § 2255 motion, so he did not need to apply for permission to file a second one.

[2] The PSR indicates that in both of these offenses, the defendant walked away from the Community Corrections Residential Program where he had been directed to reside as a result of being placed on probation with community corrections.  PSR ¶¶ 45, 46.

Defendant also anticipates the Government's contention that he otherwise qualifies as a career offender because of the two prior controlled substance convictions included in the Presentence Report. Defendant concedes that he had such convictions at the time of sentencing, but points out the sentencing for these two cases occurred on the same day, and he suggests they might be counted as "related cases" under the guidelines. If they are, he says he would have only one prior predicate felony and would not qualify as a career offender. Doc. 114 at 11. And although the Presentence Report indicates the two drug offenses were separated by an intervening arrest – which would mean they are to be counted separately under the guidelines – his attorney suggests that the arrest dates in the PSR might be wrong, because "from this counsel's experience these arrest dates which the probation officer receives from the jail institutions have not always been entirely accurate." *Id*. Defendant notes that this issue was likely never explored in 2003, and he argues the uncertainty surrounding it should prevent the court from relying on the harmless error doctrine to deny his motion.

In its response, the Government argues the court should "deny Defendant's 2255 motion as untimely because he filed it well over one year after his conviction and sentence became final." Doc. 117 at 5. Alternatively, it argues that his two controlled substance offense convictions qualify as predicate felonies, such that the defendant was correctly sentenced as a career offender. *Id*.

III. *Discussion*.

A. Timeliness. To be considered timely under §2255(f)(3), the right asserted by Mr. Blue must have been newly recognized by the Supreme Court in *Chambers*, and that right must be made retroactively applicable to cases on collateral review.

The court finds that the right asserted by the defendant was newly recognized by the Supreme Court in *Chambers*. In discussing retroactivity, the Supreme Court has said that a "new" rule means one that was not dictated by precedent existing at the time the defendant's conviction became final. *Whorton v. Bockting*, 549 U.S. 406, 416 (2007). A reading of *Chambers* shows that the ruling was not dictated by prior precedent, but was based in significant part on a review and application of statistical evidence compiled in a U.S. Sentencing Guideline report from 2006-07. *Chambers*, 129 S.Ct. at 692-93. The *Chambers* rule was thus not dictated by existing precedent when defendant's Blue's conviction became final. Additionally, the court finds defendant Blue is asserting the same right that was recognized by *Chambers*, even though he seeks to apply the rule to "walkaway" escapes, which is beyond the specific facts of the *Chambers* case. *But see United States v. McNeal*, 2009 WL 1731742 (W.D. Wis., June 18, 2009) (finding the defendant was not asserting the right recognized in *Chambers* because "the Supreme Court has never held that an escape from a locked facility, such as a prison camp, is not to be treated as a crime of violence for sentencing purposes. That means that defendant's motion is untimely."). The court expresses no opinion here as to whether *Chambers* actually provides the defendant any grounds for relief insofar as the classification of his prior escape convictions are concerned. *Cf. United States v. Charles*, 2009 WL 2436663 (10th Cir., Aug. 11, 2009) (on direct appeal, noting that *Chambers* undermined prior circuit law; remanding for resentencing so district court can determine whether defendant's "walkaway" conviction was career-offender-qualifying escape from custody). That issue goes to the merits of his claim. The court only concludes here that he is asserting the same right initially recognized by *Chambers*, and that he has done so within one year period of §2255(f)(3).

The issue of retroactivity presents a difficult question. The *Chambers* decision is too recent to have generated much case law, although several courts have addressed the retroactivity of *Begay v. United States*, 128 S.Ct. 1581 (2008), a similar case where the Supreme Court ruled that a conviction for DUI was not a violent felony under the Armed Career Criminal Act. In short, the courts have reached contradictory results on the retroactivity of such rules. *See Sun Bear v. United States*, 2009 WL 2033028 (D. S.D., July 9, 2009) (*Begay* not retroactively applicable under the standards of *Teague v. Lane*, 489 U.S. 288 (1989)); *Lindsey v. United States*, 2009 WL 2337120 (W.D. Mo., July 29, 2009) (same); *United States v. Narvaez*, 2009 WL 1505658 (W.D. Wis., May 26, 2009) (*Begay* and *Chambers* are not retroactive; defendant's §2255 rejected as untimely). *But see United States v. Leonard*, 2009 WL 499357 (N.D. Okla., Feb. 27, 2009) and *United States v. McElroy*, 2009 WL 1372908 (N.D. Okla., May 14, 2009) (*Begay* is a new substantive rule and is therefore retroactive; *Teague* rule inapplicable to substantive rules). *See also George v. United States*, 2009 WL 1370858 (M.D. Fla., May 14, 2009) (*Begay* and *Chambers* are retroactive because they announced new substantive rules of criminal law).

Most of the cases finding the rule of *Crawford* and/or *Begay* to be non-retroactive have done so under the framework of *Teague v. Lane*, 489 U.S. 288 (1989). But as Chief Judge Eagan noted in *Leonard*, *Teague* is used to determine the retroactivity of new *procedural* rules; it does not apply to new *substantive* rules. *See Schriro v. Summerlin*, 542 U.S. 348, 352, n.4. Unlike new procedural rules, new substantive rules generally apply retroactively. *Id*. at 351. A rule is substantive if it alters the range of conduct or the class of persons that the law punishes. *Id*. at 353. "This includes decisions that narrow the scope of a criminal statute by interpreting its terms

... as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." *Id*. at 352.  Such rules apply retroactively because they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or that the defendant faces a punishment that the law cannot impose upon him.  *Id*.

The court finds Judge Eagan's retroactivity analysis to be persuasive, and concludes that *Chambers* established a new substantive rule that applies to cases on collateral review. *Chambers* "narrow[ed] the scope of a criminal statute by interpreting its terms" – it restricted the scope of the ACCA by interpreting the term "violent felony."  The Court thereby limited the authority of sentencing judges to impose increased punishment on defendants whose only predicate felonies are escape convictions that were for a failure to report.  As the Tenth Circuit noted in *United States v. Charles*, supra, *Chambers* also "casts doubt" as to whether a conviction for walking away from a halfway house can qualify as a "crime of violence."  Defendants who have been sentenced on the basis of certain prior convictions may thus have been subjected to increased punishment that the law did not allow.  Under the *Chambers* rule, the law does not allow defendants with predicate convictions of the type identified by the Court to be subjected to increased punishment as career offenders.  *See McElroy*, 2009 WL 1372908, *3 (*Begay* is a new substantive rule because it limits a court's authority to increase a defendant's punishment for certain types of conduct.).  For these reasons, the court finds that the rule of *Chambers* is retroactively applicable to collateral review.  Defendant's §2255 petition seeking to apply the rule of *Chambers* to his case was thus timely filed.

B.  Procedural Default.

In his direct appeal, the defendant apparently did not challenge his sentence or the finding that he qualified as a career offender under the guidelines.  As a general rule, claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice.  *Massaro v. United States*, 538 U.S. 500, 504 (2003).  This procedural default rule "is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments."  *Id*.

The Government has not argued that defendant's claim is barred by his failure to raise it on direct appeal.  Under the circumstances, the court will not *sua sponte* seek to apply the bar, as consideration of the bar at this point would require additional briefing and would not serve the interests of judicial efficiency.  *See United States v. Wiseman*, 297 F.3d 975, 979-80 (10th Cir. 2002).  *Cf. United States v. Coley*, 2009 WL 2019859 (11th Cir., July 14, 2009).

C.  Career Offender Status.

Defendant's claim that he was unlawfully sentenced as a career offender must fail on the record.  Even assuming he could show that his escape convictions should not have been counted as crimes of violence, and further assuming that his claim of an erroneous guideline calculation falls within the scope of a §2255 motion, the record shows that at the time of sentencing he had two prior controlled substance convictions that would count toward career offender status. Defendant was thus appropriately sentenced as a career offender, and the alleged error of which he complains could have made no difference in the sentence he received.  *Cf. United States v. Patterson*, 561 F.3d 1170, 1172 (10th Cir. 2009) (any error in relying on escape conviction was

harmless because it did not affect the sentence imposed).

To be sentenced as a career offender, three requirements had to be met: "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B 1.1(a) (Nov. 2002).

A "controlled substance offense" was defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance ... or the possession of a controlled substance ... with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B 1.2(b) (Nov. 2002). The requirement that a defendant must have had two qualifying convictions required that the sentences for the two offenses be counted separately under §4A1.1(a), (b), or (c). USSG §4B1.2(c).

The defendant was over 18 years old at the time he committed the bank robbery and firearm offenses in the instant case, and these offenses constituted crimes of violence. Additionally, the Presentence Report shows that defendant had two prior controlled substance offenses. According to the Report, the defendant was arrested on January 3, 1993, and was charged in Sedgwick County Case No. 93CR237 with Possession of Cocaine With Intent to Sell. (PSR p. 9). He was then arrested on February 10, 1993, and charged with several offenses, including Possession of Marijuana With Intent to Sell and Possession of Cocain With Intent to Sell. Defendant was convicted in both cases and was sentenced for both cases on August 13, 1993. He was given a 3-10 year imprisonment sentence on each of the drug counts, concurrent,

9

with the sentence suspended, and he was placed on probation.  His probation was revoked several times thereafter.

Under the facts in the Presentence Report, these two prior controlled substance offenses count separately under USSG §4A1.2, because the defendant was arrested for the first offense before he committed the second.  *See* USSG §4A1.2, comment., n.3 (cases are not related if they were separated by an intervening arrest).  Defendant's only argument to the contrary is to suggest that the arrest date in the Presentence Report might be wrong, because "from counsel's experience" such dates "have not always been entirely accurate."  Doc. 114 at 11.  Under Section 2255, an evidentiary hearing is required unless "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief."  Defendant's argument – which does not even amount to an allegation that the arrest date in the PSR is incorrect – is not sufficient to warrant an evidentiary hearing on the defendant's motion.  No evidentiary hearing is required if the prisoner fails to produce any independent indicia of the likely merit of his allegations.  *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006).

IV.  *Conclusion*.

The defendant's Motion §2255 to Vacate Sentence (Doc. 114) is DENIED.  Moreover, because defendant has failed to make a substantial showing of the denial of a constitutional right, it is further ordered that a Certificate of Appealability under the provisions of 28 U.S.C. § 2253 is hereby DENIED.  IT IS SO ORDERED this  20th   Day of August, 2009, at Wichita, Ks.

                                              s/Wesley E. Brown
                                              Wesley E. Brown
                                              U.S. Senior District Judge