IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICA,
         Plaintiff,

      vs.                                                  No. 03-10058-JTM

QUINCY DARNELL BLUE,
         Defendant.


MEMORANDUM AND ORDER

Following a trial by jury in 2003, the defendant Quincy Darnell Blue was convicted of one count of bank robbery, in violation of 18 U.S.C. § 2113(a) & (d) and 18 U.S.C. § 2, and one count of possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2. (Dkt. 57). Following the trial, the Hon. Wesley E. Brown determined that Blue was a career offender under U.S.S.G. 4B1.2, having previously been twice convicted of Aggravated Escape from Custody in violation of K.S.A. § 21-3810.[1]

The PSR determined (with no objection by defendant) that Blue had a Criminal History Category of VI, with a resulting guideline range of 360 months to life

---

[1] The Presentence Report also listed two prior convictions for controlled substance offenses, including Sedgwick Co. Case No. 93CR237 for Possession of Cocaine With Intent to Sell (PSR Pp. 9-10); and Sedgwick County Case No. 93CR294 for Possession of Marijuana and Cocaine With Intent to Sell (PSR ¶42). The PSR indicated that defendant was sentenced in these two drug cases on the same day, and that he was placed on probation after receiving a concurrent, suspended 3-10 year imprisonment sentence on each of the drug counts.

imprisonment. On November 3, 2003, Judge Brown sentenced Blue to the bottom end of the guideline range.

The defendant filed a direct appeal challenging this court's denial of his motion to suppress evidence of statements made to officers after his arrest. He did not challenge the career offender classification. On March 9, 2005, the Tenth Circuit issued a mandate affirming the conviction. (Dkt. 102).

In 2009, Blue submitted a previous motion for relief under 28 U.S.C. § 2255, arguing that his prior convictions for escape were erroneously classified as crimes of violence in light of *Chambers v. United States*, 129 S.Ct. 687 (2009), and that he was therefore improperly sentenced. On August 20, 2009, the court issued a memorandum and order denying the motion. In an extensive opinion (Dkt. 118), the court agreed that *Chambers* was a new rule of substantive law which retroactively applied, but concluded that the career offender designation was nevertheless correct because of the defendant's drug trafficking offenses.

On December 12, 2019, the United States Court of Appeals authorized the defendant to file a second or successive § 2255 motion challenging his Section 924(c) conviction and sentence under *United States v. Davis*, 139 S.Ct. 2319 (2019). (Dkt. 137) (Doc. 137, Order at 2.) The defendant then filed the present motion, arguing that his conviction under 28 U.S.C. § 924(c) should be vacated in light of *Davis*.

However, the defendant's argument is foreclosed in light of *United States v. McCranie*, 889 F.3d 677, 679-81 (10th Cir. 2018), which determined that federal bank

robbery by taking property by force, violence, or intimidation categorically qualifies as a "crime of violence." Other circuits since *Davis* have consistently agreed that "bank robbery under Section 2113(a) is categorically a crime of violence under the elements clause of the Guidelines." *See, e.g., United States v. Carr*, 946 F.3d 598, 602 (D.C. Cir. 2020). The undersigned has reached the same conclusion. *See United States v. McGill*, 2019 WL 3361237 (D. Kan. July 25, 2019), *reconsideration denied*, 2019 WL 4241121 (D. Kan. Sept. 6, 2019).

The defendant couches some of his argument in an attack on the "crime of violence instruction" issued to the jury. But this is simply reframing of the main argument that armed bank robbery cannot serve as a predicate crime of violence. Further, given the circumstances of the case there no reasonable chance that the outcome would have been different if the instructions were modified as Blue now requests.[2]

IT IS ACCORDINGLY ORDERED this day of October, 2020, that the defendant's Motion to Vacate (Dkt. 138) is hereby denied.

*J. Thomas Marten*
J. Thomas Marten, Judge

---

[2] The court further finds that any challenge to the instruction would be procedurally defaulted. The defendant has now shown either good cause for not previously raising the issue, or any prejudice from any instruction within the meaning of Murray v. Carrier, 477 U.S. 478, 494 (1986).