IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
         Plaintiff,

vs.                                                 No. 03-10058-1-JTM

QUINCY DARNELL BLUE,
         Defendant.

MEMORANDUM AND ORDER

This matter is now before the court on defendant Quincy Darnell Blue's motions (Dkt. 144, 145) for compassionate release under 18 U.S.C. § 3582(c)(l)(A). Mr. Blue argues the court should reduce his sentence in light of the risk he faces from the COVID-19 virus. The defendant has the burden to show he should be released under § 3582. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). Even if a defendant otherwise shows that "extraordinary and compelling" reasons support a release, he must demonstrate that such a result is consistent with the sentencing factors set out in 18 U.S.C. § 3553(a).

Having reviewed the pleadings, the court finds that the defendant has failed to demonstrate extraordinary and compelling reasons for release. The medical records establish that the defendant has contracted the Covid-19 virus in October, 2020 — and has recovered. The defendant has no underlying medical condition which would render

him susceptible to more serious injury in the event he again contracts the virus. Rather, he invokes the threat presented by the virus to all persons of his age, race and gender.

But even assuming that the defendant met the threshold test for compassionate release, that relief should not be granted where the result would run counter to the Section 3553 factors governing an appropriate sentence. The 3553(a) factors relevant to defendant's request for compassionate release are (1) his personal history and characteristics, (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for the sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for any rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. 18 U.S.C. § 3553(a)(1) – (6).

This court has previously granted compassionate release to prisoners convicted of nonviolent drug crimes. However, the court has repeatedly concluded that release under § 3582 should be denied where that remedy would fail to reflect the seriousness of the offense, in particular where the defendant was convicted of violent criminal activity. *See United States v. Beasley*, No. 13-10112-01-JTM (D. Kan. Sept. 23, 2020). [1]

---

[1] Numerous other courts have reached the same conclusion. *See United States v. Taylor*, No. 4:17-CR-9(1), 2020 WL 5222797, at *5 (E.D. Tex. Sept. 1, 2020) (given the extent of defendant's drug activity and his possession of a handgun in connection with that activity, "the court cannot conclude that Taylor would not pose a danger to the safety of any other person or to the community, if released from confinement"); *United States v. Brewster*, No. 3:19-CR-44-JD-MGG, 2020 WL 5088586, at *3 (N.D. Ind. Aug. 28, 2020) (release would be inconsistent with § 3553(a) given defendant's possession of weapons, including "driving a vehicle with a loaded firearm under his seat"); *United States v. Neloms*, No. 18-CR-80154, 2020

In the present action, the jury convicted the defendant of armed bank robbery (in violation of 18 U.S.C. § 2113(a) and (d)) and using a firearm during the robbery (in violation of 18 U.S.C. § 924(c)). In light of defendant's criminal history, Judge Brown's 360 month sentence (Dkt. 63) was consistent with the standards of 18 U.S.C. § 3553(a). Because the defendant's career offender status and the instant criminal conduct involved actual crimes of violence, relief under the compassionate release statute is inappropriate.

The court further finds no basis for defendant's additional but unexplained argument that he would like a downward departure. (Dkt. 144, at 1). To the extent that Blue is arguing that his prior controlled offenses sentences should not qualify as predicate offenses for criminal history purposes, the argument is a successive motion to vacate his sentence, and the court lacks jurisdiction to consider it. *United States v. Fine*, 982 F.3d 1117, 1119 (8th Cir. 2020). The court finds that the defendant has adequately, if unsuccessfully, presented his arguments for relief, and denies his request for appointment of counsel.

---

WL 4794008, at *3 (S.D. Fla. Aug. 18, 2020) (agreeing with government's argument that possession of a firearm in connection with drug trafficking would preclude § 3582(c)(l)(A) release); *United States v. McGirt*, No. 4:16-CR-86 (4), 2020 WL 4044973, at *4 (E.D. Tex. July 17, 2020) (because "McGirt's offense of conviction entail his possession of firearms while an unlawful user of a controlled substance[,] the court cannot conclude that McGirt would not pose a danger to the safety of any other person or to the community"); *United States v. Walters*, No. 216CR00011JADPAL, 2020 WL 3104049, at *2 (D. Nev. June 11, 2020) (denying release to defendant guilty of "possession of methamphetamine with intent to sell and being a felon in possession of a loaded semiautomatic handgun-serious and dangerous offenses").

IT IS ACCORDINGLY ORDERED this day of April, 2021, that the defendant's Motions for Release and Reduction (Dkt. 144, 145) are hereby denied.

*J. Thomas Marten*
J. Thomas Marten, Judge
