IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                Case No. 03-10058-1-JWB

QUINCY DARNELL BLUE,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 148.) The motion is fully briefed and ripe for decision. (Doc. 148, 150, 151, 153.) The motion is denied for the reasons stated herein.

**I.  Facts**

Following a trial by jury in 2003, Defendant Quincy Darnell Blue was convicted of one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) & (d) and one count of possession of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). (Doc. 53). In the sentencing phase, Defendant had a Criminal History Category of VI, with a resulting guideline range of 360 months to life, and accordingly Defendant was sentenced to a 360-month term of imprisonment. (Doc. 63.) This conviction was affirmed by the Tenth Circuit in 2005. (Doc. 102.)

Subsequent to this affirmance, Defendant has unsuccessfully filed post-conviction motions on numerous occasions. (*See* Docs. 114, 138, 144.) Defendant now files a second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that he no longer qualifies as a career offender and asks this Court to reduce his sentence to time served. (Doc. 148.) The

government opposes the motion on the grounds that Defendant has not completed any educational or vocational programs offered by the Bureau of Prisons and contends that, on balance, the factors under Section 3553(a) do not favor the Defendant. (Doc. 150.)

**II.     Standard**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [that] rule of finality is subject to a few narrow exceptions." *United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).  Defendant moves for a sentence reduction under § 3582(c)(1)(A).  Under that statute, a sentence reduction is allowed when "extraordinary and compelling reasons warrant such a reduction . . . ." *Id*.  Prior to 2018, that section only authorized the Director of the Bureau of Prisons to move for a reduction. *United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021). The First Step Act changed this to allow a defendant to file his own motion for reduction after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *United States v. Mata-Soto*, 861 F. App'x 251, 253 (10th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The Tenth Circuit has endorsed a three-step test for district courts to use in deciding motions filed under § 3582(c)(1)(A). *McGee*, 992 F.3d at 1042 (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)).  Under that test, the court may reduce a sentence if Defendant has administratively exhausted his claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id*.  A court may deny the motion when

any of the three requirements is lacking and the court need not address the other requirements. *Id*. at 1043. But all requirements must be addressed when the court grants a motion for release under the statute. *Id*. Defendant bears the burden of establishing that compassionate release is warranted under the statute. *See, e.g.*, *United States v. Moreno*, 519 F. Supp. 3d 937, 941 (D. Kan. 2021).

**III.     Analysis**

In the Government's response brief, the Government concedes that Defendant has exhausted his BOP remedies (Doc. 150 at 5) and has an "extraordinary and compelling" reason for sentence reduction under United States Sentencing Guideline § 1B1.13(b)(6) under the unusually long sentence category. (*Id*. at 10.) Moreover, the government concedes that Defendant's prior convictions for escape "would not qualify as predicate crimes of violence under Section 4B1.2(a)(1) of the Guidelines," and his "state drug convictions would not be considered controlled substance offenses under Section 4B1.2(b)." (*Id*. at 13.) The parties agree that Defendant's sentencing guideline range, if sentenced today, would be 160-185 months. (*Id*. at 14.) As a result, the Court is left with only considering the applicable sentencing factors enumerated in 18 U.S.C. § 3553(a). Some of these factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentence disparities.

In reviewing the Defendant's PSR, Defendant had a long history of criminal activity ranging from theft to drug crimes over nearly a decade before his present conviction and detention. Moreover, the consistent pattern of criminal behavior was unbroken despite several other stints in government custody. It is true that the Court is required to evaluate Defendant as he is now rather than on the date of his conviction. *Concepcion v. United States*, 142 S. Ct. 2389, 2398-99 (2022).

However, it is the responsibility of the Defendant to show the Court that his release is warranted. *United States v. Crespin*, No. 23-2111, 2024 WL 3084972, at *5 (10th Cir. June 21, 2024). Although defendant has served more than two-thirds of his 360-month sentence, he has not provided any justification for his compassionate release beyond a change in the Sentencing Guidelines. Defendant points to his lack of violent behavior and gainful employment during his incarceration as evidence of his rehabilitation, since he allegedly was not able to participate in BOP programs. (Doc. 151.) While these behaviors are commendable and work in his favor for purposes of this analysis, they do not independently satisfy sentencing factors enumerated in 18 U.S.C. § 3553(a).

Moreover, the court notes that the offense conduct in this case went beyond mere bank robbery and "use" of a firearm during that crime of violence. Specifically, the presentence report (PSR) in this case indicates that

> [d]uring the robbery, Defendant Blue continued yelling at the teller and others in the bank demanding money and directing the employees not to set off any alarms. At one point, *Mr. Blue pointed his firearm at a teller* sitting nearby and instructed her not to set off the bank alarm. The teller raised her arms in compliance.

(PSR, Doc. 115, ¶ 14 (emphasis added).) Under 18 U.S.C. § 924(c), a person who "uses or carries a firearm" during a crime of violence, or possesses a firearm in furtherance of such a crime, must be sentenced to a prison term of at least five years. *Id.* § 924(c)(1)(A)(i). However, one who brandishes a firearm under such circumstances faces a minimum prison sentence of at least seven years, *id.* § 924(c)(1)(A)(ii); and one who discharges a firearm under such circumstances faces a minimum prison term of ten years. *Id.* § 924(c)(1)(A)(iii). That statute goes on to define the term "brandish" to mean that, "with respect to a firearm, to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person." *Id.* § 924(c)(4). And while

Defendant was not charged and convicted under that enhanced provision of the relevant statute, his actual conduct, as documented in the PSR, clearly exceeded the threshold for brandishing. Indeed, although the statute does not further distinguish between the level of culpability for brandishing and discharging a firearm, the Sentencing Guidelines do.

Application Note 1 to USSG § 1B1.1 defines brandishing consistent with the statutory definition noted above, and it defines the phrase "otherwise used" with respect to a firearm as meaning "that the conduct did not amount to the discharge of a firearm but was more than brandishing, displaying, or possessing a firearm . . . ." USSG § 1B1.1 Application Note 1(J). Turning then to the guideline for robbery, USSG § 2B3.1, the specific offense characteristics listed thereunder provide for a five-point enhancement in offense level if a firearm is brandished, a six-point enhancement if a firearm is "otherwise used", and a seven-point enhancement if a firearm is discharged. USSG § 2B3.1(2). Under the guidelines, those enhancements do not apply to the guideline determination when the defendant is separately charged with a violation of 18 U.S.C. § 924(c) relating to the underlying robbery. USSG § 2K2.4 Application Note 4(A). Nevertheless, the court finds it noteworthy that the robbery guideline provides for a greater enhancement when a firearm is "otherwise used" than for the case where a firearm is brandished or possessed; but the guidelines do not distinguish between such degrees of culpability under the provision for the § 924(c) conviction, which is USSG § 2K2.4, opting instead for a blanket application of the statutory minimum in all such cases. *See* USSG § 2K2.4(b).

Applying the foregoing observations to the facts of this case, although Defendant's guideline range if he were sentenced today would be substantially lower than the range calculated at the time of his original sentence, the court concludes that the seriousness of Defendant's conduct during the actual robbery would still merit the same sentence. In terms of the sentencing factors

under 18 U.S.C. § 3553(a), the seriousness of the offense and the need to impose just punishment cannot be overstated: Defendant pointed a loaded firearm at a female teller in the bank during the robbery. That degree of callousness and lack of respect for the life of another person weighs heavily in favor of a lengthy sentence. Furthermore, given the time that Defendant has been incarcerated, one of the weightier factors to consider is the need to protect the public from further crimes of the defendant. While the record suggests that Defendant has been fairly compliant with prison disciplinary regulations while serving his sentence, the record is lacking in the sort of evidence that suggests a level of rehabilitation as to sufficiently negate the need to protect the public from the risks of further crimes based on his lengthy criminal history and the conduct at issue in this case.

Accordingly, given Defendant's extensive criminal conduct and the other matters discussed herein, the court finds that reducing Defendant's sentence to time served would not reflect the seriousness of his criminal conduct, nor would it furnish adequate deterrence to criminal conduct, provide just punishment for the offense, and protect the public from further crimes of this defendant. The court finds that the imposed 360-month sentence remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense.

**IV.     Conclusion**

Therefore, Defendant's motion for early release from custody (Doc. 148) is DENIED. IT IS SO ORDERED. Dated this 27th day of January, 2025.

                                                          s/ John W. Broomes  
                                                          JOHN W. BROOMES  
                                                          UNITED STATES DISTRICT JUDGE